**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50239 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00610-RGK |
| v. | |
| ANDREW RUBIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 18, 2014[**]

Before:   ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Andrew Rubin appeals from the district court's judgment and challenges the sentence of 12 months and one day imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rubin contends that the district court erred by failing to respond to his mitigating arguments and to consider adequately all of the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court listened to Rubin's mitigating arguments, considered the relevant sentencing factors, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Rubin also contends that the sentence is substantively unreasonable because the court gave too much weight to his offenses and insufficient weight to his mitigating circumstances. The district court did not abuse its discretion in imposing Rubin's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Rubin's repeated supervised release violations. *See id.*; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**